IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK P. SHISSLER,          )       Case No. 3:20-cv-167
                               )
        Plaintiff,        )       JUDGE KIM R. GIBSON
                               )
     v.                    )
                               )
KILOLO KIJAKAZI,         )
Acting Commissioner of Social Security,  )
                               )
       Defendant.     )

## MEMORANDUM OPINION

### I.       Introduction

Title II of the Social Security Act entitles insured persons with disabilities to receive disability insurance benefits ("DIB"). *See* 42 U.S.C. § 423. The present action stems from Administrative Law Judge John A. Fraser's ("ALJ") denial of an application for DIB by pro se plaintiff Mark P. Shissler ("Shissler"), (ECF No. 11-2 at 13–25), which Shissler has appealed to this Court. (ECF No. 3). The Acting Commissioner of the Social Security Administration, Kilolo Kijakazi ("Commissioner"), opposes Shissler's appeal on behalf of the Social Security Administration ("SSA") and has moved for summary judgment. (ECF No. 18).[1] Reviewing the ALJ's decision under 42 U.S.C. § 405(g), the Court **AFFIRMS** that decision and **GRANTS** the Commissioner's motion for summary judgment.[2]

---

[1] The ALJ denied Shissler's DIB application on behalf of the Commissioner, but the Commissioner is also a party seeking to defend the ALJ's (and her own) denial of Shissler's application on behalf of the SSA. The Court will attempt to minimize any confusion stemming from the Commissioner's dual role by identifying the ALJ as the adjudicator whose findings the Court is currently reviewing, and the Commissioner as the litigant who is defending those findings on appeal.

[2] Pursuant to 42 U.S.C. § 405(g), an individual can seek review of a Commissioner's final decision by a federal district court. The district court "shall have the power to enter, upon the pleadings

## II.     Background

On October 13, 2011, Shissler suffered a severe back injury when was hit by a motor vehicle while riding a bicycle.  (ECF No. 11-4 at 67).  He alleges that he became unable to work because of this injury on November 13, 2013 (the "disability onset date").[3]  (ECF No. 11-5 at 20).  Shissler applied for DIB under Title II of the Social Security Act on August 3, 2016.  (*See* ECF Nos. 11-5 at 2–5; 11-2 at 16).[4]  In his application, Shissler claimed that he had been unable to work since his disability onset date, and that he was entitled to DIB because he was insured for disability benefits on that date.  (ECF No. 11-5 at 6–7).[5]

On April 20, 2017, the SSA denied Shissler's application.  (ECF No. 11-4 at 5–9).  On June 22, 2017, Shissler requested reconsideration of his application under 20 C.F.R. § 404.900(a)(2).  (*Id.* at 10).  On January 2, 2019, Shissler appeared through counsel and testified at a hearing before the ALJ.[6]  (*Id.*).  On March 27, 2019, the ALJ affirmed the SSA's

---

and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

[3] The onset date of a disability is "the first day an individual is disabled as defined in the [Social Security Act] and regulations." *Newell v. Commissioner of Social Security*, 347 F.3d 541, 548 (3d Cir. 2003).  On August 23, 2016, Shissler stated that he became disabled on November 1, 2011.  (ECF No. 11-5 at 6).  On January 2, 2019, Shissler amended his alleged onset date to November 13, 2013.  (*Id.* at 20).

[4] On the same date, Shissler also applied for supplemental security income under Title XVI of the Social Security Act.  (ECF No. 11-2 at 16).  Shissler's Title XVI application was granted on April 20, 2017.  (*Id.*).

[5] Shissler's DIB insurance expired on December 31, 2013.  (ECF No. 11-5 at 6–7).  A disabled claimant can only receive DIB if his disability onset date occurred prior to the expiration of his insured status.  20 C.F.R. § 404.131.

[6] Shissler was originally represented by Attorney Meghan Farrell Irwin, whom Shissler retained on August 5, 2016.  (ECF No. 11-4 at 4).  Attorney Irwin was disqualified from representing claimants before the SSA on March 28, 2018, and the SSA notified Shissler of this fact on July 2, 2018.  (*Id.* at 26).  On July 27, 2018, Shissler retained Attorney A. Thomas Farrell as counsel.  (*Id.* at 33).  Attorney Farrell appeared for Shissler at the hearing on January 2, 2019.  (ECF No. 11-2 at 32).  Shissler is not presently represented by counsel in his appeal to this Court, and it does not appear that Shissler has received any legal assistance in his appeal thus far.

denial of Shissler's application after finding that Shissler did not have a "disability" as defined by 42 U.S.C. § 423(d). (ECF No. 11-2 at 24–25). On May 23, 2019, Shissler sought review of the ALJ's decision by the SSA Appeals Council. (ECF No. 11-4 at 66–68). On June 8, 2020, the Appeals Council denied Shissler's request for review. (ECF No. 11-2 at 2–6).

Having exhausted his administrative remedies, Shissler filed a complaint with this Court on August 17, 2020, seeking review of the ALJ's decision under 42 U.S.C. § 405(g). (ECF No. 3).[7] On April 4, 2022, the Commissioner filed an answer to Shissler's complaint, (ECF No. 10), along with a transcript of the hearing on Shissler's application and supporting documentation constituting the case record. (ECF No. 11).[8] On April 5, 2022, the Court instructed Shissler that he could move for summary judgment on or before May 5, 2022. (ECF No. 13). After Shissler failed to move for summary judgment by that date, the Court issued a second and final scheduling order on June 3, 2022, extending Shissler's filing deadline to July 8, 2022. (ECF No. 15). Shissler did not move for summary judgment by that date and has not done so as of this order's entry.

In its order from April 5, 2022, the Court also instructed the Commissioner that she could move for summary judgment no later than June 6, 2022. (ECF No. 13). The Court

---

[7] The procedures that must be followed to exhaust administrative remedies are set out under 20 C.F.R. § 404.900(a)(1)-(4). *Pallota v. Barnhart*, 144 F. Appx. 938, 940 (3d Cir. 2005).
[8] The answer's delay was due to Shissler's initial failure to properly serve his complaint and summons on the Commissioner. (ECF Nos. 4, 6). Shissler properly issued his summons on January 14, 2022. (ECF No. 7).

later extended this deadline to September 7, 2022.  (ECF Nos. 15, 17).[9]  The Commissioner timely moved for summary judgment on September 7, 2022.  (ECF No. 18).

III.    **Applicable Law**

When reviewing an ALJ's denial of DIB, the Court must base its review on the record of the administrative proceedings and the pleadings of the parties.  42 U.S.C. § 405(g).  The Court's review of legal issues is plenary, but its factual review is limited.  *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999).  Specifically, the Court must determine whether the ALJ applied the proper legal standards in making his decision, and whether the record contains substantial evidence supporting the ALJ's factual findings.  *See Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001).

With respect to the Court's review of legal issues, the Court must "review the ALJ's application of the law de novo."  *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007).  The proper legal standard for assessing disability is a five-step sequential evaluation process that considers whether a claimant: (1) is working, (2) has a severe impairment, (3) has an impairment that meets or medically equals the requirements of an impairment listed in the regulations and is considered per se disabling, (4) can return to his past relevant work, and (5) if not, whether he can perform other work.  *See* 20 C.F.R. § 404.1520(a)(4).  *See also Zirnsak v. Colvin*, 777 F.3d 607, 611–12 (3d Cir. 2014).

With respect to the Court's factual review, the claimant must show that the ALJ's decision was not based on "substantial evidence."  42 U.S.C. § 405(g); *Rutherford v. Barnhart*,

---

[9] On June 3, 2022, the Court extended the Commissioner's deadline for filing a motion for summary judgment to August 8, 2022.  (ECF No. 15).  On August 8, 2022, it extended this deadline to September 7, 2022.  (ECF No. 17).

399 F.3d 546, 552 (3d Cir. 2005). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *Jesurum v. Sec'y of the U.S. Dep't of Health & Human Servs.*, 48 F.3d 114, 117 (3d Cir. 1995). This evidentiary burden is more than a mere scintilla, but less than a preponderance of the evidence. *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). If the ALJ's factual findings were reached according to the correct legal standards and are supported by substantial evidence, the Court is bound by them, "even if [it] would have decided the factual inquiry differently." *Fargnoli*, 247 F.3d at 38.

Because Shissler is currently unrepresented, the Court must conduct a "searching investigation of the record" to determine whether the above requirements were satisfied. *Brittingham v. Weinberger*, 408 F. Supp. 606, 611 (E.D. Pa. 1976). And, as Shissler has not responded to the Commissioner's motion for summary judgment, "[his] statement of facts, and proof of [his] case, will need to be taken from [his] Complaint." *Filipos v. Sidovar*, 77 F. Supp. 2d 636, 637 (E.D. Pa. 1999).

## IV.    Discussion

Having reviewed the relevant materials—i.e., the evidentiary record, the ALJ's decision, the Commissioner's motion for summary judgment and supporting brief, and Shissler's complaint—the Court finds that the ALJ applied the correct legal standard and reached his conclusion based on factual findings supported by substantial evidence.

First, the Court finds that the ALJ applied the proper five-step sequential evaluation process for determining disability and made his factual findings in accordance with that process. Shissler did not allege any specific misapplications of law by the ALJ in his

complaint, and the Court can identify no legal errors in its own review. The Court is therefore satisfied that the Commissioner applied the proper legal standards.

Second, the Court finds that the ALJ's factual findings are supported by substantial evidence for the following reasons:

### A.    Step One

At step one, the ALJ considers whether the claimant is "engaging in substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If the claimant has engaged in substantial gainful activity since the alleged disability onset date, then the claimant is not disabled. *Id.* "Substantial gainful activity is work activity that is both substantial and gainful." *Id.* § 404.1572. Work activity is "substantial" when it "involves doing significant physical or mental activities[,]" *id.* § 404.1572(a), and work activity is "gainful" when it "is the kind of work usually done for pay or profit, whether or not a profit is realized." *Id.* § 404.1572(b).

Evidence in the record indicates that Shissler has not worked since the alleged onset date of November 13, 2013. This evidence includes a Work History Assistant Tool reflecting Shissler's lack of recorded earnings during the relevant time-period. (ECF No. 11-5 at 10–13). Because this evidence reasonably supports a finding that Shissler was not engaged in substantial gainful activity during that time-period, the Court holds that the ALJ's finding at step one is supported by substantial evidence.

### B.    Step Two

At step two, the ALJ considers "the severity of the claimant's impairment(s)." 20 C.F.R. § 404.1520(a)(4)(ii). If "the claimant's impairment(s) are either not severe or do not meet the duration requirement, the claimant is not disabled." *Id.* "An impairment or

combination of impairments is not severe if it does not significantly limit [one's] physical or mental ability to do basic work activities." *Id.* § 404.1522(a). "Basic work activities" are "the abilities and aptitudes necessary to do most jobs." *Id.* § 404.1522(b).

The ALJ found that Shissler had the following impairments: "degenerate disc disease of the lumbar spine, anxiety disorder[,] and depression[.]" (ECF No. 11 at 17). This factual finding is supported by Shissler's medical records. (*See, e.g.,* ECF No. 11-7 at 42, 69) (reflecting physician diagnoses of "L4-5 and L5-S1 disc bulge with anterolisthesis," as well as of depression and anxiety).

The ALJ also found those impairments "severe" because they "significantly limit the ability to perform basic work activities[.]" (ECF No. 11 at 17). This finding is supported by observations from Shissler's internal medical examination on March 10, 2017, which indicated that Shissler can shower and dress himself only "with some difficulty," and that his squats are "50% limited by back pain." (ECF No. 11-7 at 112). Shissler's medical records support this finding as well. (*See, e.g., id.* at 69) (medical consultation report from July 1, 2013, noting that Shissler "has been fairly much incapacitated" since his accident).

Because the above evidence reasonably supports a finding that Shissler's injury significantly limits his ability to perform basic work activities, the Court holds that the ALJ's factual findings at step two are supported by substantial evidence.

### C.      Step Three

At step three, an ALJ considers the "medical severity" of the claimant's impairments.  20 C.F.R. § 404.1520(a)(4)(iii).  To this end, an ALJ assesses whether the claimant's impairments meet or equal the requirements of an impairment listed under 20

C.F.R. Part 404, Subpart P, Appendix 1 ("Appendix 1"). *See id.* If the claimant's

impairments meet or equal the requirements of a listed impairment, "then [the claimant]

is *per se* disabled and no further analysis is necessary." *Plummer v. Apfel*, 186 F.3d 422, 428

(3d Cir. 1999) (italics original). However, if the impairments do not meet or exceed the

requirements of a listed impairment, the evaluation proceeds to step four. 20 C.F.R.

§ 404.1520(a)(4)(iii).

The ALJ found that Shissler "does not have an impairment or combination of

impairments that meets or medically equals the severity of one of the listed impairments."

(ECF No. 11-2 at 18–19). Specifically, with respect to Shissler's back injury, the ALJ found

no evidence in the record indicating that Shissler suffers from a spine disorder under listing

1.04(A)—namely, "evidence of nerve root compression accompanied by sensory or reflex

loss," "evidence of spinal arachnoiditis manifested by severe burning or painful dysethesia,

or lumbar spinal stenosis resulting in an inability to ambulate effectively." (*Id.* at 19) (citing

Appendix 1 § 1.04(A)). And, with respect to Shissler's mental impairments, the ALJ

likewise found that Shissler failed to offer medical evidence indicating that these

impairments caused at least two "marked" limitations or one "extreme" limitation, which

is necessary to meet the "paragraph B" requirement for listings 12.04 and 12.06. (*Id.* at 19–

20) (citing Appendix 1 §§ 12.04, 12.06).

The claimant "bears the burden of presenting 'medical findings equivalent in

severity to *all* the criteria for the one most similar impairment.'" *Lent v. Berryhill*, No. 3:18-

CV-1533, 2019 WL 1896547, at *1 (M.D. Pa. Apr. 29, 2019) (citing *Sullivan v. Zebley*, 493 U.S.

521, 531 (1990)) (emphasis original); 20 C.F.R. § 416.920(d). Consequently, Shissler's failure

to offer evidence indicating that his impairments meet or equal the requirements of listings 1.04, 12.04, or 12.06 would itself support the ALJ's finding. *See Pinca v. Berryhill*, No. 1:17-CV-1519, 2018 WL 2024800, at *9 (M.D. Pa. May 1, 2018) (holding that an ALJ's factual determination at step three was supported by substantial evidence because "the lack of any evidence to support a finding that [the claimant] could not ambulate effectively [was] fatal to [his] Step 3 argument"). Because the Court likewise finds nothing in its own review of the record indicating that Shissler's impairments satisfy those requirements, it affirms the ALJ's factual findings at step three.

D.     **Step Four**

At step four, "the Commissioner considers whether the claimant can return to his past work." 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant can perform past work, then the claimant is not disabled. *Id.* Determining whether a claimant can return to his past work requires assessment of the claimant's residual functional capacity ("RFC"). *Id.* § 404.1520(f). A claimant's RFC measures "the most [he] can do despite [his] limitations." *Id.* at § 404.1545(a)(1). In assessing a claimant's RFC, the Commissioner examines "all of the relevant medical and other evidence." *Id.* § 404.1545(a)(3).

The ALJ found that Shissler "had the RFC to perform light work as defined in 20 C.F.R. 404.1567(b)[,] except that he can understand, remember[,] and carry out simple instructions." (ECF No. 11-2 at 20). The record contains evidence supporting this finding, including evidence indicating that Shissler underwent conservative treatment options, (*see* ECF No. 11-7 at 3, 59–72, 124–159), and was not a candidate for surgery. (*See id.* at 3–4).

This sort of evidence supports the ALJ's RFC assessment.  *See Miller v. Comm'r of Soc. Sec.*, No. 20-3642, 2021 WL 3137439, at *3 (3d Cir. July 19, 2021).

The ALJ also found that, notwithstanding Shissler's capacity to perform light work, Shissler is "unable to perform any *past relevant* work."  (ECF No. 11-2 at 23) (emphasis added).  This finding is supported by the testimony of vocational expert Christina Beatty-Cody, who concluded that Shissler is no longer able to perform any of his three past jobs. (*Id.* at 65).[10]  Because a vocational expert's testimony "will clear (even handily so) the more-than-a-mere-scintilla threshold[,]" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019), the Court finds that substantial evidence supports the ALJ's finding at step four regarding Shissler's inability to perform past relevant work.

### E.     Step Five

Lastly, at step five, the Commissioner must establish that there is work other than the claimant's past work that exists in significant numbers in the national economy and that the claimant can perform.  20 C.F.R. § 404.1560(c)(1).  A claimant will be entitled to DIB if the Commissioner fails to establish the existence of such work.  *See id.* § 404.1560(c)(2).

The ALJ found that Shissler can perform other work existing in significant numbers in the national economy.  (ECF No. 11 at 23).[11]  This finding is supported both by the ALJ's

---

[10] Beatty-Cody testified that Shissler's past work history includes work as a construction superintendent (DOT: 182.167-026), as a lifeguard (DOT: 379.667-014), and as a sports instructor (DOT: 153.227-018).  (ECF No. 11-2 at 63–64).  The ALJ asked Beatty-Cody "whether [a] hypothetical individual [with Shissler's characteristics] can perform any of the three past jobs" she had identified.  (*Id.* at 65).  Beatty-Cody answered this question in the negative.  (*Id.*).

[11] Specifically, the ALJ determined that, "[c]onsidering [Shissler's] age, education, work experience, and [RFC], there were jobs that existed in significant numbers in the national economy that [Shissler] could have performed[.]"  (ECF No. 11 at 22).

RFC assessment, *see supra* Section IV(D), and by the vocational expert's testimony that work of the sort that an individual with Shissler's RFC could perform does indeed exist in large numbers in the national economy.  (ECF No. 11-2 at 65–66).[12]   This evidence is sufficiently substantial to support the ALJ's findings at step five.

## V.        Conclusion

For the foregoing reasons, the Court finds that the ALJ applied the correct legal standard and reached his conclusion based on factual findings supported by substantial evidence.  The Court will therefore affirm the ALJ's decision and grant the Commissioner's motion for summary judgment at ECF No. 18.

An appropriate order follows.

---

[12] The positions that Beatty-Cody offered as examples of work that Shissler could perform are the positions of final assembler (DOT: 727.687-054), inserter (DOT: 794.687-058), and assembler (DOT: 734.687-014).  (ECF No. 11-2 at 66).  Beatty-Cody testified that the national numbers for these positions are 21,200, 26,900, and 39,200, respectively.  (*Id.*).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK P. SHISSLER,** | ) | Case No. 3:20-cv-167 |
| | ) | |
| Plaintiff, | ) | **JUDGE KIM R. GIBSON** |
| | ) | |
| v. | ) | |
| | ) | |
| **KILOLO KIJAKAZI,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**AND NOW**, this ___9th___ day of January, 2023, **IT IS HEREBY ORDERED** that the ALJ's decision (ECF No. 11-2 at 13–25) is **AFFIRMED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment (ECF No. 18) is **GRANTED**.

**IT IS FURTHER ORDERED** that Shissler's Complaint (ECF No. 3) is **DISMISSED**.  The clerk of court is instructed to mark this case as closed.

BY THE COURT:

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**